# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

NEIL GRENNING,

        Plaintiff,

  v.

RISA A. KLEMME, et al.,

        Defendants.

NO. CV-12-0600-JLQ

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER**

BEFORE THE COURT is Defendants' Motion for a Protective Order (ECF No. 59), filed in conjunction with Defendants' Motion for Summary Judgment (ECF No. 56) on February 4, 2014.

## I. BACKGROUND

The Plaintiff, a pro se prisoner currently incarcerated at Airway Heights Corrections Center, filed the present action seeking relief under 42 U.S.C. § 1983 for alleged violations of his rights secured by the First Amendment. In his Second Amended Complaint (ECF No. 19) filed August 6, 2013, he claims the Defendants participated in a "coordinated campaign of harassment" in response to his speech contained in both letters and a manuscript he authored, as well as his filing of grievances. He alleges the Defendants retaliated against him by restricting his mail, issuing an infraction, placing him in segregation, conducting cell searches, and demoting him to medium custody.

On December 19, 2014, the court entered a Scheduling Order setting a discovery deadline of July 18, 2014 and trial date of November 17, 2014. (ECF No. 55).

ORDER – 1

On January 6, 2014, Plaintiff served a total of 53 requests for production on Defendants. (ECF No. 59 at 2). On February 3, 2014, defense counsel spoke with Plaintiff on the phone to discuss postponement of discovery until the court ruled upon the Motion for Summary Judgment counsel would be filing, but the parties failed to reach a resolution. *Id*.

Presently before the court is the Defendant's Motion for a Protective Order asking the court to stay discovery and relieve them of the duty to respond to the Plaintiff's discovery requests until resolution of the issue of qualified immunity raised in Defendants' Summary Judgment Motion. Plaintiff did not file a response to the Motion for Protective Order. However, in Plaintiff's Response to the Motion for Summary Judgment, he asserts the outstanding discovery is material to his ability to respond to the Summary Judgment Motion and to defeat qualified immunity.

## II.    DISCUSSION

For good cause, the court may deny or limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...." Fed.R.Civ.P. 26(c); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). The court has broad discretion to stay discovery while a dispositive motion is pending. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (holding that Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required"). The party requesting a protective order bears the burden of showing good cause. *Rivera v. NIBCO, Inc*., 364 F.3d 1057, 1063 (9th Cir.2004). The Supreme Court has repeatedly held that when qualified immunity is raised as a defense by government officials, the question should be resolved at the earliest possible stage of litigation and discovery should be stayed until the threshold issue of immunity is resolved. *Harlow v. Fitzgerald*, 457 U.S. 800, 816–818 (1982) ("bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery"); *see also Anderson v. Creighton*, 483 U.S.

ORDER – 2

635, 651(1987).

The court concludes that good cause exists to stay discovery pending the court's review and resolution of the Plaintiffs' Motion contending that he must be permitted to conduct discovery in order to properly oppose the Motion for Summary Judgment and the Defendants' assertion of qualified immunity.

**ACCORDINGLY IT IS HEREBY ORDERED:**

1. Defendants' Motion for Protective Order (**ECF No. 59**) is **GRANTED**.

2. All discovery in this matter is **STAYED** pending this court's ruling on a) Defendants' Motion for Summary Judgment (**ECF No. 56**); b) Plaintiff's Motion to Stay Summary Judgment Until Completion of Discovery Pursuant to Fed.R.Civ.P. 56(d)(**ECF No. 64**); and c) Plaintiff's Motion to Amend (**ECF No. 61**). These Motions will be considered by the court at the same time and will be deemed submitted upon completion of the briefing. The Clerk of the Court shall **RESET** the hearing date of ECF No. 56, ECF No. 61, and ECF No. 64 to **April 7, 2014**.

3. The parties are relieved from complying with the March 14, 2014 and April 11, 2014 deadlines for Rule 26(a)(2) reports and final trial witness lists. Upon resolution of the pending Motions, the court will reset these deadlines if necessary.

**IT IS SO ORDERED.** The Clerk of the Court shall enter this Order, provide copies to Plaintiff and counsel for the Defendants.

Dated this 5th day of March, 2014.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER – 3